# EXHIBIT A

May 21 07 11:15a                    ✗                    631-694-6504                    p.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------x
ALAN HAENEL and MARY HAENEL,

                  Plaintiff,

     - against-

WASHINGTON MUTUAL BANK,

                Defendant.
-------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No.: 07-07823

Plaintiffs, ALAN HAENEL and MARY HAENEL, by their attorney, John T. McCarron, P.C., as and for their Verified Complaint against defendant, state as follows:

     1.     Plaintiffs were and are at all times hereinafter mentioned individuals residing in the County of Suffolk, State of New York.

     2.     Upon information and belief, defendant, WASHINGTON MUTUAL BANK ("Washington Mutual"), was at all times hereinafter mentioned a foreign corporation authorized to do business in the State of New York with offices in the County of Suffolk.

     3.     Upon information and belief, defendant, WASHINGTON MUTUAL BANK, was at all times hereinafter mentioned duly licensed by the federal government to engage in the business of banking in the United States and the State of New York.

<u>BACKGROUND</u>

     4.     In or about 2005, plaintiffs maintained a checking account at Washington Mutual.

5.      In or about 2005, plaintiffs had a mortgage on their home held by Washington Mutual.

6.      Plaintiffs made monthly mortgage payments to Washington Mutual from the checking account.  The monthly mortgage payments were automatically debited from plaintiffs' checking account and paid to Washington Mutual.

7.      In or about February and March of 2005, Washington Mutual put a freeze on plaintiffs' checking account.

8.      Washington Mutual took this action without first notifying plaintiffs that it intended to freeze the checking account and that no further checks could be drawn on the account.

9.      Plaintiffs did not authorize or request Washington Mutual to put a freeze on their checking account.

10.      As a result of freezing the checking account, numerous checks drawn by plaintiffs on the checking account were dishonored and bounced.

11.      As a result of freezing the checking account, plaintiffs' monthly payments for their Washington Mutual mortgage were not automatically debited and paid to Wahsington Mutual.

12.      At the time the checking account was frozen, plaintiffs had sufficient funds in the checking account to cover the checks that were written but not honored by Washington Mutual and sufficient funds to cover the amount of the automatic debits for the monthly mortgage

2

payments.

13.   As a result of the freezing of the checking account, plaintiffs had to replace the checks that were written on the checking account but not honored by Washington Mutual.

14.   The freezing of the checking account caused payments made by plaintiffs to numerous creditors, including Washington Mutual, to be late.

15.   Plaintiffs were not notified that the checking account at Washington Mutual had been frozen until after numerous checks were written and then dishonored by Washington Mutual.

16.   Thereafter, Washington Mutual reported to various credit agencies that plaintiffs had failed to make, or failed to timely make, their monthly mortgage payments.

17.   When plaintiffs were notified that Washington Mutual intended to and had notified credit agencies that they were late and/or delinquent in making the monthly mortgage payments plaintiffs disputed the claim.

18.   Despite the dispute of plaintiffs, Washington Mutual failed and/or refused to properly investigate the disputed claim and correct the inaccuracies transmitted to the credit agencies.

19.   As a result of the erroneous information reported by Washington Mutual to the credit agencies plaintiffs' credit was damaged and their credit scores were adversely affected.

20.     Plaintiffs had to retain the services of a credit repair company to remove the erroneous information reported to the credit agencies by Washington Mutual and to repair and restore plaintiffs' credit to the level it was at prior to the actions of Washington Mutual.

## AS AND FOR A FIRST CAUSE OF ACTION

21.     Plaintiffs repeat and reallege the allegations contained in paragraphs numbered 1 through 20 above as if set forth at length herein.

22.     Washington Mutual improperly and without authorization froze plaintiffs' checking account.

23.     Washington Mutual negligently, recklessly and intentionally reported negative credit information regarding plaintiffs monthly mortgage payments to credit agencies.

24.     Washington Mutual knew or should have known that the information it transmitted to the credit agencies was erroneous, inaccurate and in fact caused by its own negligent, reckless and intentional actions in improperly freezing plaintiffs' checking account.

25.     The actions of Washington Mutual are a violation of the Fair Credit Reporting Act (15 U.S.C. §1681).

26.     As a result, plaintiffs are entitled to actual and punitive damages, plus interest, costs and reasonable attorney's fees for the negligent and willful noncompliance of Washington Mutual with the Fair Credit Reporting Act.

4

## AS AND FOR A SECOND CAUSE OF ACTION

27.   Plaintiff repeats and realleges the allegations contained in paragraphs numbered 1 through 26 above as if set forth at length herein.

28.   Washington Mutual's reporting of the erroneous credit information to the credit reporting agencies damaged plaintiffs' credit.

29.   The actions of Washington Mutual were negligent.

30.   The actions of Washington Mutual were wilful and Washington Mutual wilfully failed to comply with the reporting requirements of the Fair Credit Reporting Act (15 U.S.C §1681).

31.   Plaintiffs notified Washington Mutual that they disputed the information reported to the credit reporting agencies.

32.   The failure of Washington Mutual to conduct a proper investigation of plaintiffs claims regarding the erroneous information transmitted to the credit reporting agencies is a violation of the Fair Credit Reporting Act (15 U.S.C. §1681s).

33.   As a result plaintiffs are entitled to damages, attorney's fees and costs for the failure of Washington Mutual to review and investigate plaintiff's claims.

## AS AND FOR A THIRD CAUSE OF ACTION

34.   Plaintiff repeats and realleges the allegations contained in paragraphs

5

numbered 1 through 33 above as if set forth at length herein.

35.   Washington Mutual's actions were in violation of Article 25 of the New York State General Business Law (GBL §380, et seq.), the New York State Fair Credit Reporting Act.

36.   As a result, plaintiffs are entitled to actual and punitive damages, plus interest, costs and reasonable attorney's fees for the negligent and willful noncompliance of Washington Mutual with the New York State Fair Credit Reporting Act.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

37.   Plaintiff repeats and realleges the allegations contained in paragraphs numbered 1 through 36 above as if set forth at length herein.

38.   Washington Mutual's actions were in violation of Article 29-H of the New York State General Business Law (GBL §600, et seq.).

39.   Washington Mutual's actions were in violation of Article 22-A of the New York State General Business Law (GBL §349, et seq.).

40.   As a result, plaintiffs are entitled to actual damages, treble damages, and reasonable attorney's fees.

<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>

41.   Plaintiff repeats and realleges the allegations contained in paragraphs

6

numbered 1 through 37 above as if set forth at length herein.

42.    The actions of Washington Mutual damaged the credit and adversely affected plaintiff's credit scores.

43.    Plaintiffs incurred increased expenses and charges relating to the borrowing of money including a higher rate of interest. Additionally, plaintiffs applications for credit and loans were rejected because of their credit which had been damaged by Washington Mutual.

44.    As a result, plaintiffs are entitled to damages for the increased costs incurred in borrowing money and applying for credit and to punitive damages as a result of the negligent, reckless, intentional and wilful conduct of Washington Mutual.

WHEREFORE, plaintiffs respectfully demand judgment against defendant as follows:

a)    on the first and second causes of action for actual damages, punitive damages, costs and reasonable attorney's fees, plus interest for defendant's violation of the Fair Credit Reporting Act;

b)    on the third cause of action for actual damages, punitive damages, costs and reasonable attorney's fees, plus interest for defendant's violation of the New York State Fair Credit Reporting Act;

c)    on the fourth cause of action for actual damages, treble damages, costs and reasonable attorney's fees, plus interest for defendant's violation of the General Business Law, §§600, et seq. and 349;

d)    on the fifth cause of action for actual damages for the increased costs incurred by

7

plaintiffs, and  punitive damages, plus interest;

and for such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       March 30, 2007

                                        JOHN T. McCARRON, P.C.

                          By:     _____
                                        John T. McCarron, Esq.
                                        Attorneys for Plaintiff
                                        445 Broadhollow Road, Suite 124
                                        Melville, New York 11747
                                        (631) 694-6500

8

## VERIFICATION

STATE OF NEW YORK      )
                                  )ss:
COUNTY OF SUFFOLK     )

     Alan Haenel, being duly sworn, deposes and says:

1.     I am a plaintiff in the within action.

2.     I have read the foregoing Verified Complaint and know the contents thereof; and

3.     The same are true as to my own knowledge, except as to the matters therein alleged on information and belief; and as to those matters I believe them to be true. The source of my knowledge is review of my books and records.

4.     The reason this Verification is made by me is that I am a named plaintiff.

                                        Alan Haenel

Sworn to before me this
3ʳᵈ day of April, 2007

Notary Public

JOHN T. McCARRON
Notary Public, State of New York
No. 02MC5043620
Qualified in Suffolk County
Commission Expires May 15, 20 11

# EXHIBIT B

5-17-07; 10:43AM; ; 3   # 10/ 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ALAN HAENEL

against

WASHINGTON MUTUAL BANK INC.

State of New York, County of Suffolk

ATTORNEY/CLIENT: JOHN T. MCCARRON ESQ.
FILE #
INDEX # 07-09823
DATE INDEX # PURCHASED: 4/3/2007
DATE AFFIDAVIT FILED:

**FILED COPY**

AMENDED
AFFIDAVIT OF SERVICE

MAY 09 2007

I, THOMAS J. STEIDEL being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in LAKE GROVE, NY.
CLERK OF SUFFOLK COUNTY

That on April 5, 2007 at 2:32 PM, deponent served the within named SUMMONS AND VERIFIED COMPLAINT WITH INDEX NUMBER AND DATE OF FILING upon WASHINGTON MUTUAL BANK INC., therein named. Said service was effected at 415 COMMACK RD, DEER PARK, NY 11729, in the following manner;

A Domestic/Foreign corporation, by delivering thereat a true copy of each to LORENA JACOBO personally; deponent knew said corporation so served to be the corporation described as the named recipient and knew said individual to be the SUPERVISOR thereof, an authorized person to accept service of process.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: Female Skin: White Hair: Black Age(Approx): 47 Height(Approx): 5' 6" Weight(Approx): 130-140 lbs
Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Thomas J Steidel_
THOMAS J. STEIDEL

Sworn to before me on May 3, 2007

_Rae Baffa_
RAE BAFFA
Notary Public, State of New York
No. 4920483
Qualified in Suffolk County
Commission Expires July 5, 2010

Sworn before me on May 3, 2007

ANTHONY BAFFA
Notary Public, State of New York
No. 4974975
Qualified in Suffolk County
Commission Expires November 26, 2010

*I*EVEREADY
PROCESS SERVICE INC.
P.O. DRAWER 1857, STONYBROOK, NEW YORK 11790

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ALAN HAENEL and MARY HAENEL,

                       Plaintiffs,

         - against-

WASHINGTON MUTUAL BANK,

                     Defendant.
-----------------------------------------------------------------------X

**NOTICE OF MOTION**

Index No.: 07-09823

S I R (S):

    PLEASE TAKE NOTICE, that upon the annexed affirmation of John T. McCarron dated May 15, 2007, and the Summons and Verified Complaint dated March 30, 2007, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at the assigned part of the Supreme Court, Suffolk County, located at One Court Street, Riverhead, New York on the 4th day of June, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for an order:

    1.    Pursuant to CPLR §3215, granting the plaintiffs, ALAN HAENEL and MARY HAENEL, a default judgment against the defendant, WASHINGTON MUTUAL BANK, for its failure to answer or otherwise appear or in any way respond to the outstanding Summons and Complaint; and

    2.    Setting this matter down for an inquest for the purpose of determining the amount of plaintiff's monetary damages; and

    3.    Granting such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served upon the undersigned at least seven (7) days prior to the return date of this motion.

Dated: Melville, NY
      May 15, 2007

JOHN T. McCARRON, P.C.

By: _____
John T. McCarron, Esq.
445 Broadhollow Road, Suite 124
Melville, NY 11747
(631) 694-6500

Attorney for Plaintiffs

TO:    WASHINGTON MUTUAL BANK
      415 Commack Road
      Deer Park, NY 11729

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------------X
ALAN HAENEL and MARY HAENEL,

                             Plaintiffs,

          - against-

WASHINGTON MUTUAL BANK,

                       Defendant.

--------------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT
OF MOTION FOR DEFAULT**

Index No.: 07-09823

        JOHN T. McCARRON, an attorney duly admitted to practice law before the Courts of this State, hereby sets forth the following under the penalties of perjury:

        1.     I am a member of the firm of John T. McCarron, P.C., counsel for the plaintiffs, Alan Haenel and Mary Haenel, and am fully familiar with the facts and circumstances set forth herein.

        2.     This affirmation is submitted in support of plaintiffs' motion to enter a default judgment pursuant to CPLR §3215 based upon the failure of defendant to answer or otherwise appear in any manner in response to plaintiffs' Summons and Verified Complaint. Specifically, plaintiff seeks the entry of a default judgment for defendant's failure to answer the Summons and Verified Complaint, and for the Court to set this matter down for an inquest to determine the amount of plaintiff's monetary damages.

## NATURE OF ACTION

        3.     This is an action for violations of the New York State and Federal Fair

Credit Reporting Acts, the New York State General Business Law and for negligence committed by defendant.

## PLEADINGS AND PROCEEDINGS

4.    This action was commenced on or about April 3, 2007 by the filing of a Summons and Verified Complaint.

5.    The Summons and Verified Complaint were served on defendant on April 5, 2007. (A copy of the Affidavit of Service is annexed hereto as Exhibit A).

6.    The Complaint, which is verified by plaintiffs, sets forth plaintiffs' entitlement to the relief requested in the Summons and Complaint.

7.    More than thirty days have elapsed from service of the Summons and Complaint and defendant has failed to appear or otherwise answer or oppose the Summons and Complaint whatsoever.

8.    It is respectfully submitted that pursuant to CPLR §3215, based upon the failure of defendant to answer or otherwise appear in this action, that this Court execute and enter a default judgment in favor of the plaintiff and against the defendant and set this matter down for an inquest to determine the amount of plaintiff's monetary damages.

WHEREFORE, it is respectfully requested that this Court grant this motion for a default in all respects, execute and enter a default judgment in favor of the plaintiff and against the defendant and set this matter down for an inquest to determine the amount of plaintiff's monetary

2

damages, together with such other and further relief as this Court deems just and proper.

Dated: Melville, New York
      May 15, 2007

JOHN T. McCARRON

3

**EXHIBIT A**

UCS-840 (REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

SUPREME   COURT, SUFFOLK   COUNTY INDEX NO. DATE PURCHASED:
07-00823    April 3, 2007

PLAINTIFF(S):
ALAN HAENEL and MARY HAENEL

DEFENDANT(S):
WASHINGTON MUTUAL BANK

R.J.I. FEE PAID
Judith A. Pascale
County Clerk

| For Clerk Only |
| --- |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: n/a          Bill of particulars served (Y/N):     [     ] Y     [ x ] N

### NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[     ]   Request for preliminary conference

[     ]   Note of issue and/or certificate of readiness

[ x ]   Notice of motion (return date: June 4, 2007          )
Relief sought Default Judgment

[     ]   Order to show cause
(clerk enter return date:                    )
Relief sought

[     ]   Other ex parte application (specify:                    )

[     ]   Notice of petition (return date:          )
Relief sought          

[     ]   Notice of medical or dental malpractice
action (specify:          )

[     ]   Statement of net worth

[     ]   Writ of habeas corpus

[     ]   Other (specify:          )

### NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**

| | | | |
| --- | --- | --- | --- |
| [     ] | Contested | -CM | |
| [     ] | Uncontested | -UM | |

**COMMERCIAL**

| | | | |
| --- | --- | --- | --- |
| [     ] | Contract | -CONT | |
| [     ] | Corporate | -CORP | |
| [     ] | Insurance (where insurer is a party, except arbitration) | -INS | |
| [     ] | UCC (including sales, negotiable instruments) | -UCC | |
| [     ] | *Other Commercial | -OC | |

**REAL PROPERTY**

| | | | |
| --- | --- | --- | --- |
| [     ] | Tax Certiorari | -TAX | |
| [     ] | Foreclosure | -FOR | |
| [     ] | Condemnation | -COND | |
| [     ] | Landlord/Tenant | -LT | |
| [     ] | *Other Real Property | -ORP | |

**OTHER MATTERS**

| | | | |
| --- | --- | --- | --- |
| [ x ] | * Violation of credit reporting statutes | -OTH | |

### TORTS

**Malpractice**

| | | | |
| --- | --- | --- | --- |
| [     ] | Medical/Podiatric | -MM | |
| [     ] | Dental | -DM | |
| [     ] | *Other Professional | -OPM | |
| [     ] | Motor Vehicle | -MV | |
| [     ] | *Products Liability | -PL | |
| [     ] | Environmental | -EN | |
| [     ] | Asbestos | -ASB | |
| [     ] | Breast Implant | -BI | |
| [     ] | *Other Negligence | -OTN | |
| [     ] | *Other Tort (including intentional) | -OT | |

### SPECIAL PROCEEDINGS

| | | | |
| --- | --- | --- | --- |
| [     ] | Art. 75 (Arbitration) | -ART75 | |
| [     ] | Art. 77 (Trusts) | -ART77 | |
| [     ] | Art. 78 | -ART78 | |
| [     ] | Election Law | -ELEC | |
| [     ] | Guardianship (MHL Art. 81) | -GUARD81 | |
| [     ] | *Other Mental Hygiene | -MHYG | |
| [     ] | *Other Special Proceeding | -OSP | |

**Check "YES" or "NO" for each of the following questions:**

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [ ·· ] | [ ✗ ] | Municipality<br>(Specify_____) | [ ] [ | Public Authority:<br>(Specify_____) |

| YES | NO | |
|---|---|---|
| [ ] | [ ✗ ] | Does this action/proceeding seek equitable relief? |
| [ ] | [ ✗ ] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [ ✗ ] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

✗ Expedited: 0-8 months            Standard: 9-12 months            Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

| | | |
|---|---|---|
| Has summons been served? | No | Yes, Date _____ |
| Was a Notice of No Necessity filed? | No | Yes, Date _____ |

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self<br>Rep.* | Name | Address | Phone # |
|---|---|---|---|
| | John T. McCarron, P.C. | 445 Broadhollow Road, Suite 124, Melville, NY 11747 | (631) 694-6500 |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self<br>Rep.* | Name | Address | Phone # |
|---|---|---|---|
| n/a | | | |

*Self Represented:  parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**
n/a

**RELATED CASES:  (IF NONE, write "NONE" below):**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| NONE | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:   May 15, 2007

_____
(SIGNATURE)
John T. McCarron

_____
(PRINT OR TYPE NAME)
Plaintiff

_____
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

COUNTY OF SUFFOLK

ALAN HAENEL

against

WASHINGTON MUTUAL BANK INC.

State of New York, County of Suffolk

ATTORNEY/CLIENT: JOHN T. McCARRON ESQ.
FILE #
INDEX # 07-09823
DATE INDEX # PURCHASED: 4/3/2007
DATE AFFIDAVIT FILED:

AMENDED
AFFIDAVIT OF SERVICE

MAY 09 2007

I, THOMAS J. STEIDEL being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in LAKE GROVE, NY.

That on April 5, 2007 at 2:32 PM, deponent served the within named SUMMONS AND VERIFIED COMPLAINT WITH INDEX NUMBER AND DATE OF FILING upon WASHINGTON MUTUAL BANK INC., therein named. Said service was effected at 415 COMMACK RD, DEER PARK, NY 11729, in the following manner;

A Domestic/Foreign corporation, by delivering thereat a true copy of each to LORENA JACOBO personally; deponent knew said corporation so served to be the corporation described as the named recipient and knew said individual to be the SUPERVISOR thereof, an authorized person to accept service of process.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex:  Female Skin:  White Hair:  Black Age(Approx):  47 Height(Approx):  5' 6" Weight(Approx):  130-140 lbs
Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THOMAS J. STEIDEL

Sworn to before me on May 3, 2007

RAE BAFFA
Notary Public, State of New York
No. 4920453
Qualified in Suffolk County
Commission Expires July 5, 2010

Sworn before me on May 3, 2007

ANTHONY BAFFA
Notary Public, State of New York
No. 4974975
Qualified in Suffolk County
Commission Expires November 26, 2010

*EVEREADY*
PROCESS SERVICE INC.
P.O. DRAWER 1837, STONYBROOK, NEW YORK 11790

JOHN T. McCARRON, P.C.

SUPREME COURT
STATE OF NEW YORK, COUNTY OF SUFFOLK                  Index No.              Year

ALAN HAENEL,

                              Plaintiff,

          - against -

WASHINGTON MUTUAL BANK, INC.,

                              Defendant.

# NOTICE OF MOTION

### JOHN T. McCARRON, P.C.
*Attorney(s) for*
**PLAINTIFF**
*Office and Post Office Address, Telephone*

445 Broadhollow Road, Suite 124
Melville, New York 11747
(631) 694-6500

To:                                              Signature (Rule 130-1.1-a)
                                                 _____
                                                 Print name beneath

                                                 Service of a copy of the within
                                                 is hereby admitted.
Attorney(s) for                                  Dated: _____

PLEASE TAKE NOTICE:

☐       NOTICE OF ENTRY
that the within is a (*certified*) true copy of a(n)
duly entered in the office of the clerk of the within named court on

☐       NOTICE OF SETTLEMENT
that an order                                    of which the within is a true copy will be presented for
settlement to the HON.                                        one of the judges of the within named Court,
at                                                   on                      at            .M.

Dated:

                                                 Yours, etc.

                                                 JOHN T. McCARRON, P.C.

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------- X

ALAN HAENEL and MARY HAENEL,

                     Plaintiffs,

       - against-

WASHINGTON MUTUAL BANK

                    Defendant.
--------------------------------------------------------------------- X

**STIPULATION**
**EXTENDING**
**TIME TO ANSWER**
**OR OTHERWISE MOVE**
**AND WITHDRAWING**
**PLAINTIFFS' MOTION**

Index No.: 07/09823

IT IS HEREBY STIPULATED that the time for the defendant Washington Mutual Bank

("Washington Mutual") to appear and to answer, amend or supplement the answer as of course

or to make any motion with relation to the summons or to the complaint in this action be, and the

same hereby is extended to and including the 11th day of June, 2007 and defenses concerning

service of process and/or personal jurisdiction are waived.

IT IS FURTHER STIPULATED that Plaintiffs' motion seeking a default judgment against

Washington Mutual in this action and currently returnable June 4, 2007 is hereby withdrawn by

Plaintiffs. This stipulation may be filed without further notice with the Clerk of the Court.


Dated:  Garden City, New York,
       May 21, 2007

JOHN T. MCCARRON P.C.

By: _____

    John T. McCarron
    Attorney for Plaintiffs
    445 Broadhollow Road, Suite 124
    Melville, New York 11747
    (631) 694-6500

CULLEN AND DYKMAN LLP

By: _____

    Daniel C. Gibbons
    Attorneys for Defendant
    100 Quentin Roosevelt Boulevard
    Garden City, New York 11530
    (516) 357-3700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------x

ALAN HAENEL and MARY HAENEL,

                                    Plaintiffs,

            - against -

WASHINGTON MUTUAL BANK

                                    Defendant.

-------------------------------------------------------------------x

**NOTICE OF**
**REMOVAL TO**
**SUPREME COURT**
**STATE OF NEW YORK**
**COUNTY OF NASSAU**
Index No.: 7193/07

Civil Action No.:
CV-___-_____

TO:   CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF SUFFOLK

       PLEASE TAKE NOTICE that on June _____, 2007, defendant WASHINGTON

MUTUAL BANK duly filed a Notice of Removal, a copy of which is annexed hereto, removing

this action in its entirety to the United States District Court for the Eastern District of New York.

Dated: Garden City, New York
        June ___, 2007

                                    CULLEN AND DYKMAN LLP

                           By:_____
                                 Candice B. Lieberman (CL _____)
                                 Attorneys for Defendant
                                 Washington Mutual Bank
                                 100 Quentin Roosevelt Boulevard
                                 Garden City, New York 11530
                                 (516) 357-3700

TO:
John T. McCarron, Esq.
Attorney for Plaintiffs
445 Broadhollow Road, Suite 124
Melville, New York 11747