UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALAN HAENEL and MARY HAENEL,

                                         MEMORANDUM AND ORDER

                   Plaintiffs,             CV 07-2320

   -against-                               (Wexler, J.)

WASHINGTON MUTUAL BANK,

                   Defendant.
----------------------------------------------------------X
APPEARANCES:

       JOHN T. MCCARRON, P.C.
       BY: JOHN C. MCCARRON, ESQ.
       Attorney for Plaintiffs
       445 Broad Hollow Road, Suite 124
       Melville, New York 11747

       CULLEN and DYKMAN LLP
       BY: CANDICE B. LIEBERMAN, ESQ.
       Attorneys for Defendant
       100 Quentin Roosevelt Boulevard
       Garden City, New York 11530-4850

WEXLER, District Judge

      Plaintiffs Alan and Mary Haenel, (collectively "Plaintiffs") commenced this action in the Supreme Court of the State of New York against Defendant Washington Mutual Bank ("Washington Mutual" or the "Bank"). The action was thereafter properly removed to this court. Presently before the court is the Bank's motion, pursuant to Sections 3 and 4 of the Federal Arbitration Act, to stay this action and compel arbitration. For the reasons set forth below, the motion is granted.

1

## BACKGROUND

I. <u>The Plaintiffs' Account With the Bank</u>

Plaintiffs are individuals who maintained a checking account at the Bank. That checking account was established with the Dime Savings Bank, Washington Mutual's predecessor. When Plaintiffs opened the checking account, they executed a signature card. By signing that card, Plaintiffs agreed to be bound by the Dime Terms and Conditions governing their account. In or around April of 2002, Plaintiffs were informed that their Dime account was becoming an account of Washington Mutual, the Defendant herein. Documents accompanying that notice informed Plaintiffs that by maintaining their account with the Bank they would become bound to the Bank's regulations, including an agreement to arbitrate disputes involving their account. In addition to the checking account, the mortgage on Plaintiffs' home was held by the Bank. Monthly payments were automatically debited from Plaintiffs' checking account and paid to Washington Mutual.

II. <u>The Freezing of Plaintiffs' Account and the State Court Action</u>

In or about February of 2005, for reasons not relevant to this motion, the Bank placed a freeze on Plaintiffs' checking account. As a result of this freeze, several checks drawn on Plaintiffs' account were not honored by the Bank. Additionally, monthly mortgage payments were not debited from Plaintiffs' checking account. Despite the sufficiency of funds in Plaintiffs' checking account, the freeze on the account resulted in non-payment of many of Plaintiffs' monthly bills.

Prior to the commencement of this action, Plaintiffs commenced a small claims action in Suffolk County District Court. That action sought to redress injuries alleged to have been

2

suffered by Plaintiffs as a result of the freeze on their account. Washington Mutual did not move to arbitrate that matter but, instead, defended itself in the small claims forum. The small claims court found in Plaintiffs' favor, awarding damages for improper late fees, service charges, overdraft charges and charges incurred in repairing Plaintiffs' credit.

III.     The Present Action

This action arises out of the freezing of Plaintiffs' checking account and asserts a violation of the Federal Fair Credit Reporting Act as well as various provisions of New York State Law. In support of their claims, Plaintiffs allege that despite their complaints, the Bank negligently reported false information regarding their credit and harmed Plaintiffs' credit scores.

IV.     The Motion

The Bank moves to stay this action and compel arbitration. Plaintiffs do not dispute the presence of the arbitration clause in the documents relating to their checking account. They argue, however, that the present dispute does not fall within the scope of the arbitration clause. Plaintiffs also argue that the Bank's participation in the small claims litigation waives the right to seek arbitration here. Finally, Plaintiffs argue that the finding of the small claims court in Plaintiffs' favor collaterally estops the Bank from arguing as to the propriety of its actions with respect to the checking account. After outlining relevant legal principals, the court will turn to the merits of the motion.

## DISCUSSION

I.     The Federal Arbitration Act

The Federal Arbitration Act (the "Act" or the "FAA") governs this matter and was enacted to promote the enforcement of private agreements to arbitrate. See Paramedics

Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 653 (2d Cir. 2004); Chelsea Square Textiles, Inc. v. Bombay Dyeing and Mfg. Co., Ltd., 189 F.3d 289, 294 (2d Cir. 1999); Infinity Indus., Inc. v. Rexall Sundown, Inc., 71 F. Supp.2d 168, 169 (E.D.N.Y. 1999). Section 4 of the Act allows a party to petition a court to compel arbitration and empowers the court to hear the parties, and "upon being satisfied" that the making of the agreement to arbitrate is not at issue, to direct the parties to proceed to arbitration in accordance with the terms of their agreement. See 9 U.S.C.A. § 4.

II. Standards Applicable to Requests to Stay or Compel Arbitration

A court faced with a request to stay or compel arbitration addresses two questions: (1) whether the parties have agreed to arbitrate and if so, (2) whether the scope of the agreement to arbitrate encompasses the claims asserted. Chelsea Square Textiles, 189 F.3d at 294; North Ferry Co., Inc. v. Local 333, 338 F. Supp.2d 430, 433 (E.D.N.Y. 2004). A party objecting to the existence of the agreement to arbitrate may raise the same objections available as when denying the existence of a contract. 9 U.S.C. § 2. Such matters are resolved pursuant to state contract law. Chelsea Square Textiles, 189 F.3d at 295-96. When deciding whether the parties have agreed to submit a particular question to arbitration, the court answers only the question of arbitrability and does not rule on the merits of the dispute. AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649-50 (1986); New York Health and Human Serv. Union, 1199/SEIU, AFL-CIO v. NYU Hosps. Center, 343 F.3d 117, 119 (2d Cir. 2003).

When considering whether a particular dispute falls within an agreement to arbitrate, the strong federal policy in favor of arbitration requires courts to resolve any doubts regarding the scope of arbitrable issues in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury

Constr. Corp., 460 U.S. 1, 24-25 (1983); Paramedics Electromedicina, 369 F.3d at 653; Chelsea Square Textiles, 189 F.3d at 294. Arbitration is to be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, resolving any doubts in favor of coverage." Paramedics Electromedicina, 369 F.3d at 653-54, quoting, Smith/Enron Cogeneration Ltd. P'ship. v. Smith Cogeneration Int'l., Inc., 198 F.3d 88, 99 (2d Cir. 1999); see also NY Health & Human Serv. Union, 343 F.3d at 119; Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink and Brewery Workers Union Local 812, Int'l Bhd. of Teamsters, 242 F.2d 52, 56 (2d Cir. 2001). Thus, if the plaintiff's allegations "touch matters covered by the parties'. . . agreements, then those claims must be arbitrated, whatever the legal labels attached to them." Paramedics Electromedicina, 369 F.3d at 654, quoting, Smith/Enron, 198 F.3d at 99; see also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225 (2d Cir. 2001).

A waiver of arbitration is not to be lightly inferred. PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107 (2d Cir. 1997). Waiver of the right to seek arbitration will be found where: (1) the party seeking to arbitrate has already engaged in "protracted litigation" of the same issue alleged to be subject to arbitration and, (2) that participation results in prejudice to the party opposing arbitration. See Doctors Assocs, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997). The prejudice required to support a claim of waiver refers to the "inherent unfairness - in terms of delay, expense or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Id. at 134. Such prejudice can be substantive in nature, where, for example, the party seeking arbitration has lost a motion on the merits and seeks to re-litigate. Id. Prejudice can also be found where the

delay in seeking arbitration results in unnecessary expense or delay to the party opposed to arbitration. Id. The strong federal policy favoring arbitration requires courts to resolve any doubts as to waiver against such a finding. Id. at 130; Brownstone Investment Group, LLC. v. Levey, 2007 WL 2710401 *2 (S.D.N.Y. 2007).

III. Disposition of the Motion

The parties do not dispute the existence of an agreement to arbitrate. The issues before the court are: (1) whether the present claim falls within the scope of the agreement to arbitrate; (2) whether the Bank's participation in the small claims dispute amounts to a waiver of the right to seek arbitration and, (3) whether the finding of the small claims court with regard to the Plaintiffs' earlier action amounts to an estoppel of the Bank's right to litigate this matter.

A. The Scope of the Agreement to Arbitrate

The arbitration clause states, in pertinent part, that the parties "must arbitrate any dispute concerning" the checking account. Similar language has been characterized as a broad agreement to arbitrate. See, e.g., Louis Dreyfus Negoce, 252 F.3d at 225-26 (provision that all disputes "arising out of or relating to" parties' agreement held to be a broad arbitration clause); see also Shaw Group, Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003) ("all disputes...concerning or arising out of" an agreement plainly illustrates the parties' intent to submit issues of arbitrability to arbitrator). Such broad arbitration clauses justify a presumption in favor or arbitration. Oldroyd v. Elmira Sav. Bank, 134 F.3d 72, 76 (2d Cir. 1988). If the plaintiff's allegations "touch matters covered by the parties' . . . agreements then those claims must be arbitrated, whatever the legal labels attached to them." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 75 (2d Cir. 1997), quoting, Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840,

846 (2d Cir. 1987); see Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 622, 624-25 n.13 (1985).

Where an arbitration clause is broad, only an express exclusion of a particular grievance from arbitration, or powerful evidence that the particular grievance was meant to be excluded, will overcome the strong presumption of arbitrability. Paramedics Electromedicina, 369 F.3d at 653-54; Louis Dreyfus, 252 F.3d at 224. In the absence of any such exclusion, a broad arbitration clause encompasses all disputes touching matters covered by the parties' agreement. Paramedics Electromedicina, 369 F. 3d at 654.

Given the broad nature of the agreement to arbitrate, the court concludes that Plaintiffs' claims do, indeed, fall within the scope of the arbitration clause. As noted, the arbitration clause encompasses all disputes "concerning" the checking account. Plaintiffs' claim here that the Bank's freezing of the checking account, and the subsequent refusal to debit the account to pay their mortgage, harmed Plaintiffs' credit score. The factual basis of the claim is grounded in the Bank's action with regard to Plaintiffs' checking account. While that action also affected Plaintiffs' mortgage and other credit issues, there is no doubt that the claim "concerns" the checking account and therefore falls within the scope of the agreement to arbitrate.

B. Waiver

Plaintiffs argue that the Bank's participation in the small claims litigation involving the checking account amounts to a waiver of the right to seek arbitration here. The court disagrees.

As noted, waiver of the right to seek arbitration is not to be lightly inferred and can be found only where there is a finding of protracted litigation and prejudice. Neither is present here. First, the small claims litigation was a separate proceeding involving only a claim for minimal

damages in a court of limited jurisdiction. Because the small claims litigation was a separate matter, the Bank's participation in that matter in no way prejudices Plaintiffs in this case. Moreover, there was no delay in seeking arbitration in this case. The Bank promptly removed this case from the State court and sought arbitration under Federal law. Under these circumstances, the court finds that the Bank has not waived the right to seek arbitration.

C. Estoppel

The court also rejects the notion that the findings of the small claims court requires this court to hold that the Bank is estopped from seeking to arbitrate the merits of this matter. Any issue of estoppel is a matter for the arbitrator and not for the court. See In re Local 333, United Marine Division, ILA, 671 F. Supp. 309, 312 (S.D.N.Y. 1987); see also Local Union No. 370 v. Morrison-Knudsen Co., 786 F.2d 1356, 1358 (9th Cir. 1986) (defense of collateral estoppel is matter for arbitrator); Air Line Pilots v. United Air Lines, 1973 WL 1140 *3 (E.D.N.Y. 1973) (re judicata is issue for arbitrator) cf. Schweizer Aircraft Corp v. Local 1752, Internat'l Union United Automotive, Aerospace and Agric. Implement Workers of Am., 29 F.3d 83, 88 (2d Cir. 1994) (question of whether or not time requirements under a collective bargaining agreement are for arbitrator to decide).

## CONCLUSION

The motion to compel arbitration is granted. The Clerk of the Court is directed to

terminate the motion and to close this case.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 6, 2007